UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew MUNDY,<br><br>                      Petitioner,<br><br>v.<br><br>Raymond MADDEN,<br><br>                      Respondent. | Case No.: 17-cv-0174-CAB-AGS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner, a state prisoner, challenges his sentence of 44 years plus 100 years to life. The Court has reviewed the pertinent portions of the record and has considered the legal arguments presented by both parties. For the reasons discussed below, the petition is denied.

## **BACKGROUND**

A California jury found petitioner guilty of four counts of first degree burglary and one count of unlawful taking or driving a motor vehicle. (ECF No. 18-9, at 5.) The California Court of Appeal's opinion in petitioner's direct appeal has a thorough, unchallenged recitation of the facts in petitioner's case, which the Court adopts by reference but which do not warrant restating in full.[1] (*See id.* at 2-5.) In short, though,

---

[1] This Court gives deference to state court findings of fact and presumes them to be correct; petitioner may rebut the presumption of correctness, but only by clear and

1

"[d]uring the span of four months, [petitioner] forced entry into four separate homes, ransacked them, and stole numerous valuable items from multiple victims." (*Id*. at 1-2.) Petitioner had two prior serious felony convictions, a prior vehicle theft conviction, and a qualifying prior prison term. (*Id*. at 2.) Petitioner filed a motion requesting the trial court not consider those as "strikes" under California's Three Strikes law. After denying that motion, the trial court sentenced petitioner under California's Three Strikes law to a total prison term of 44 years plus 100 years to life. (*Id*.)

Direct review of petitioner's conviction concluded after the California Court of Appeal affirmed the conviction (ECF No. 18-9) and the California Supreme Court denied his petition for review without comment. (ECF No. 18-11.) Petitioner did not file any state habeas corpus petitions. On January 26, 2016, petitioner filed the present petition. (ECF No. 1.)

## **STANDARD OF REVIEW**

A habeas petition will not be granted unless the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for

---

convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from those facts, are entitled to statutory presumption of correctness).

the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). Here, the California Court of Appeal gave a reasoned opinion as to petitioner's claims. (ECF No. 18-9.)

## **DISCUSSION**

Petitioner raises two grounds for relief.[2] First, he alleges that the trial court abused its discretion in refusing to dismiss his prior strike convictions. (ECF No. 1, at 6.) Second, petitioner alleges that his 44 years plus 100 years to life sentence violates the prohibition against cruel and unusual punishment under the Eighth Amendment of the United States Constitution. (*Id*. at 7.)

### A. Abuse of Discretion

Petitioner argues that the trial court abused its discretion authorized under California Penal Code section 1385 by considering his prior strike convictions and thus, sentencing him under California's Three Strikes law. (ECF No. 1, at 6.)

In determining that the trial court did not abuse its discretion, the California Court of Appeal stated that a trial court has the discretion to dismiss a strike "if, in light of the nature and circumstances of the current and prior felony convictions and the particulars of the defendant's background, character, and prospects, the defendant is deemed outside of the spirit of the Three Strikes law in whole or in part." (ECF No. 18-9, at 17 (citing *People v. Williams*, 17 Cal. 4th 148, 161 (1998)).) The California Court of Appeal applied a standard of review set forth by the California Supreme Court (*see id*.) and concluded that

---

[2] Petitioner also raises a new argument never presented to the state courts: that his trial and appellate attorneys were ineffective for failing to challenge the constitutionality of his sentence. (*See* ECF No. 1, at 7.) On June 15, 2017, petitioner filed a motion for stay and abeyance. (ECF No. 6.) On December 4, 2017, Magistrate Judge Andrew G. Schopler issued a Report and Recommendation, recommending the Court deny the motion for stay and dismiss the unexhausted ineffective-assistance-of-counsel claim. (ECF No. 11.) On January 19, 2018, the Court adopted Magistrate Judge Schopler's Report and Recommendation in its entirety (ECF No. 12); so that claim has already been adjudicated.

3

petitioner is "precisely the type of recidivist offender targeted by the Three Strikes law." (*Id.* at 19.)

Such a review for abuse of discretion under California law, however, is not a cognizable claim in a federal court's collateral review. Petitioner is not entitled to federal habeas relief on this claim because the judgment of the California Court of Appeal was based on California state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, this Court is not permitted to review the state court's refusal to exercise its discretion under state law. *See Edwards v. Ollison*, 621 F. Supp. 2d 863, 881 (C.D. Cal. 2008) ("[P]etitioner's claim that the trial court improperly denied his request to strike the prior convictions is not subject to federal habeas review.").

**B. Prohibition on Cruel and Unusual Punishment**

Petitioner also argues that his sentence of 44 years plus 100 years to life violates the Cruel and Unusual Punishment Clause of the United States Constitution. The Court disagrees.

Petitioner's claim was reasonably rejected by the California Court of Appeal. The Eighth Amendment does not require strict proportionality between the sentence and the crime; rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *Solem v. Helm*, 463 U.S. 277, 288 (1983); *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences [are] exceedingly rare." *Rummel*, 445 U.S. at 272. The United States Supreme Court has repeatedly upheld sentences under state recidivism statutes, including California's Three Strikes law. *See Ewing v. California*, 538 U.S. 11, 20 (2003) (upholding Three Strikes sentence of 25 years to life for a defendant who stole three golf clubs, because seven years earlier the defendant had been convicted of three residential burglaries and one first degree robbery); *Andrade*, 538 U.S. at 63 (upholding two consecutive 25-years-to-life terms under

4

California's Three Strikes law for a defendant who stole $150 worth of videotapes with three prior convictions for first degree burglary).

In *Ewing*, the United States Supreme Court held that "[w]hen the California legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice." *Ewing*, 538 U.S. at 25. The California Court of Appeal appropriately cited to and followed United States Supreme Court law when concluding that petitioner's sentence did not violate the Eighth Amendment to the United States Constitution:

> Here, as in *Ewing* and *Andrade*, Mundy's lengthy sentence was not unconstitutional because it was properly based on his recidivist conduct. Despite multiple criminal punishments as a juvenile and as an adult, he chose to continue his criminal behavior. He committed several residential burglaries in 2004, resulting in his two prior strikes and a prison term. The fact that Mundy elected to repeat (four times) the very same serious and violent offense (§§ 667.5, subd. (c)(21), 1192.7, subd. (c)(18)) for which he had received strike priors and which resulted in prison confinement supports the court's conclusion that he is (and would continue to be) a recidivist offender.

(ECF No. 18-9, at 14.)

> To support his unconstitutionality claim, Mundy argues his sentence greatly exceeds the sentencing range applicable to residential burglary and is more severe than the punishment imposed for many extremely violent crimes such as first degree murder. This contention is unavailing because Mundy's lengthy imprisonment term is not merely for the four instances of residential burglary, but also for his recidivist conduct of engaging in the same serious offense notwithstanding his previous convictions and punishments.

(ECF No. 18-9, at 15-16.) Given the United States Supreme Court's deference to California's legislature and its holding that lengthy indeterminate sentences imposed under California's Three Strikes law do not violate the Eighth Amendment, petitioner fails to

5

show that the California Court of Appeal unreasonably applied clearly established federal law in upholding his sentence. Petitioner has repeatedly broken into the homes of his victims–an inherently dangerous activity–to commit crimes. Petitioner's history of conduct is at least as bad, and arguably worse, than the sentences upheld in *Ewing* and *Andrade*. Thus, based on petitioner's recidivism and the serious nature of his crimes, his challenge fails.

## CONCLUSION

Accordingly, the Court **DENIES** petitioner's habeas petition. Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Neither is the case here, and so the Court declines to issue the certificate of appealability. The Clerk is directed to close this case.

Dated: October 16, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge